**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| J.W. COLLINS,<br><br>Plaintiff,<br><br>vs.<br><br>DAVOL INC. and C.R. BARD, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 1:07-cv-93-M |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), by and through counsel, hereby answer Plaintiff's Complaint, paragraph by paragraph, as follows.

**Parties**

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1.

2. Davol admits that it is a Delaware corporation with its principal place of business in Rhode Island. Davol further admits that it has a resident agent at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. Answering further, Davol admits that its business is centered on the production of medical devices, including hernia repair products such as the Composix® Kugel® Patch.

3. Bard admits that it is organized under the laws of the State of New Jersey and that Davol is its subsidiary. Bard denies that it participated in the manufacturing or distribution of the Composix® Kugel® Hernia Patch or that it manufactures or supplies Davol with materials in regard to the Composix® Kugel® Hernia Patch. Bard does not know what is meant by

"substantial and continuous business" and therefore denies the allegation, but does admit that it has conducted business in the State of Rhode Island.

**Jurisdiction**

4. Defendants admit that this Court has jurisdiction over Plaintiff's action.

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.

**Facts**

6. Davol admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 6, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

7. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 7 of the complaint, Davol does not know what is meant by "delivery" beyond the meaning of "distributed," which has been admitted, or Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations. Davol accordingly denies the remaining allegations.

8. To the extent that the allegations in this paragraph are directed to Bard, it denies those allegations. Davol admits that it submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

9. Paragraph 9 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny the same.

10. Davol admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol denies the remaining allegations in Paragraph 10.

11. Defendants admit that the federal Food and Drug Administration categorizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

12. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

14. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

15. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

16. Paragraph 16 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny the same.

17. Paragraph 17 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny the same.

18. Paragraph 18 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny the same.

19. Paragraph 19 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny the same.

20. Paragraph 20 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 20.

21. Paragraph 21 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and therefore deny the same.

22. Paragraph 22 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny the same.

23. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Defendants deny each and every remaining allegation in this Paragraph.

24. Defendants deny each and every allegation in Paragraph 24.

25. Defendants deny each and every allegation in Paragraph 25.

26. Defendants deny each and every allegation in Paragraph 26.

27. Defendants deny each and every allegation in Paragraph 27.

28. Defendants deny each and every allegation in Paragraph 28.

**Count I - Negligence**

29. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

30. Paragraph 30 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 30.

31. Paragraph 31 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 31.

32. Paragraph 32 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 32.

33. Paragraph 33 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 33.

34. Paragraph 34 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 34.

35. Paragraph 35 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 35.

36. Paragraph 36 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 36.

37. Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 37.

38. Paragraph 38 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 38.

39. Paragraph 39 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 39.

**Count II – Violation of the Kentucky Deceptive Trade Practices Act**

40. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

41. Paragraph 41 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 41.

42. Paragraph 42 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 42.

43. Paragraph 43 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 43.

44. Paragraph 44 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 44.

45. Paragraph 45 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 45.

46. Defendants deny each and every allegation in Paragraph 46.

47. Defendants deny each and every allegation in Paragraph 47.

48. Paragraph 48 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 48.

49. Paragraph 49 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 49.

50. Paragraph 50 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 50.

**Count III – Strict Product Liability**

51. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

52. Paragraph 52 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 52.

53. To the extent the allegations in Paragraph 53 are directed to Bard, Bard denies those allegations. To the extent the allegations in Paragraph 53 are directed to Davol, Davol admits that it designed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol denies the remaining allegations in Paragraph 53.

54. Paragraph 54 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 54.

55. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and therefore deny the same.

56. Paragraph 56 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 56.

57. Paragraph 57 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 57, including subparagraphs "i" through "x."

58. Paragraph 58 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 58.

**Count IV – Negligent Infliction of Emotional Distress**

59. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

60. Paragraph 60 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 60.

61. Paragraph 61 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 61.

62. Paragraph 62 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 62.

63. Paragraph 63 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 63.

64. Paragraph 64 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 64.

**Count V – Intentional Infliction of Emotional Distress**

65. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

66. Paragraph 66 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 66.

67. Paragraph 67 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 67.

68. Paragraph 68 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 68.

69. Paragraph 69 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 69.

70. Paragraph 70 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 70.

**Count VI – Breach of Implied Warranty**

71. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

72. Paragraph 72 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 72.

73. Paragraph 73 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 73.

74. Paragraph 74 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 74.

75. Paragraph 75 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 75.

76. Paragraph 76 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 76.

77. Paragraph 77 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 77.

**Count VII – Failure to Warn**

78. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

79. To the extent the allegations in Paragraph 79 are directed to Bard, Bard denies those allegations. To the extent the allegations in Paragraph 79 are directed to Davol, Davol admits that it designed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol denies each and every other allegation contained in Paragraph 79.

80. Paragraph 80 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 80.

81. Paragraph 81 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 81.

82. Paragraph 82 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 82.

83. Defendants deny each and every allegation in Paragraph 83.

84. Paragraph 84 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 84.

85. Paragraph 85 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 85.

**Count VIII – Constructive Fraud**

86. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

87. Paragraph 87 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 87.

88. Defendants deny each and every allegation in Paragraph 88.

89. Defendants deny each and every allegation in Paragraph 89.

90. Defendants deny each and every allegation in Paragraph 90.

**Count IX – Misrepresentation by Omission**

91. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

92. Defendants deny each and every allegation in Paragraph 92.

93. Defendants deny each and every allegation in Paragraph 93.

94. Defendants deny each and every allegation in Paragraph 94.

95. Paragraph 95 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 95.

96. Paragraph 96 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 96.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims in whole or in part.

4. The doctrine of spoilation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

7. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiff's claims.

11. The learned intermediary doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiff and owes no duty to Plaintiff by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence or the negligence of third parties over whom the Defendants have no duty or right to control.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in the Kentucky constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Kentucky constitution.

28. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Kentucky and/or other applicable laws.

29. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Kentucky.

31. Alternatively, Defendants plead all affirmative defenses available to them pursuant to the Kentucky Product Liability Act, KRS 411.30, *et seq.* or the product liability law applicable under the laws of states or jurisdictions other than Kentucky.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Davol, Inc. and Defendant C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Respectfully submitted,

s/Lisa C. DeJaco
Deborah H. Patterson
Lisa C. DeJaco
Wyatt, Tarrant & Combs, LLP
2800 PNC Plaza
500 W. Jefferson St.
Louisville, KY 40202
502.589.5235

Kirby T. Griffs
Michael L. Junk
pending admission *pro hac vice*
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, DC 20005
202.898.5800
202.682.1639 - fax

***Counsel for Davol Inc., and C.R. Bard, Inc.***

**CERTIFICATE OF SERVICE**

On July 30, 2007, I electronically filed this document through the ECF system which will send a notice of electronic filing to:

Lee Coleman, Esq.
HUGHES AND COLEMAN
1256 Campbell Lane, Suite 201
Bowling Green, Kentucky 42104

Jon C. Conlin
Ernest Cory
Craig P. Niedenthal
Stephen R. Hunt, Jr.
CORY WATSON CROWDER & DEGARIS
2131 Magnolia Avenue
Birmingham, Alabama 35209

/s/Lisa C. DeJaco
Lisa C. DeJaco
***Attorney for Davol, Inc., and C.R. Bard, Inc.***
WYATT, TARRANT & COMBS, LLP
2800 PNC Plaza
500 W. Jefferson St.
Louisville, KY 40202
ldejaco@wyattfirm.com

20286509.1
7/30/2007 2:08 PM